# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00746-JLK

ELSADIG SAMI,

Plaintiff,

v.

LEON RODRIGUEZ, Director, U.S. Citizenship and Immigration Services, and
ANDREW LAMBRECHT, Field Office Director, U.S. Citizenship and Immigration Services,

Defendants.

## ORDER ON MOTION TO DISMISS

**Kane, J.**

Before me is Defendant's Motion to Dismiss (Doc. 9). The only issue presented by this motion is whether Plaintiff's conviction of felonious restraint under Wyoming law qualifies as a "crime of violence" under 18 U.S.C. § 16(b). Doc. 9-1 at 1; Doc. 11 at 2. Less than two weeks before the motion was filed, the Supreme Court held in *Johnson v. United States* that the residual clause of 18 U.S.C. § 924(e)(2)(B), which is similar to 18 U.S.C. § 16(b), is unconstitutionally vague. 135 S. Ct. 2551, 2563 (2015). Defendants devote a brief footnote to discussing *Johnson*, Doc. 9-1 at 5 n.2, but Plaintiff's brief does not address *Johnson* at all.

Since the motion was fully briefed, several courts of appeal have held that 18 U.S.C. § 16(b) is also unconstitutionally vague after *Johnson*. *See United States v. Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015); *United States v. Gonzalez-Longoria*, No. 15-40041, 2016 WL 537612, at *9 (5th Cir. Feb. 10, 2016), *ordered reheard en banc by* 2016 WL 766980 (5th Cir. Feb. 26, 2016); *but see United States v. Taylor*, No. 09-5517, 2016 WL 537444, at *32-35 (6th Cir. Feb. 11, 2016). In addition, the parties'

briefs analyze the question of whether felonious restraint is a crime of violence at least in part using analysis and case law that has been superseded by *Johnson*.  *See, e.g.*, Doc. 12 at 3 (citing *James v. United States*, 550 U.S. 192, 208 (2007)); *Johnson*, 135 S.Ct. at 2563 (overruling *James*).  Accordingly, Defendants' Motion to Dismiss (Doc. 9) is **DENIED WITH LEAVE TO REFILE** on or before April 15, 2016.  Should Defendants refile their motion, the parties should thoroughly and specifically address the impact of *Johnson* and the progenic courts of appeal cases referred to herein on 18 U.S.C. § 16(b) and on this case.

Dated:  March 14, 2016                                  *s/ John L. Kane*
                                                                         Senior U.S. District Judge